RECEIVED
IN LAKE CHARLES, LA

APR 2 9 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20025-02 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| HARRY JOINER | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

This case presents a question of first impression in this district, i.e., whether a crack cocaine offender whose original sentence of imprisonment reflected a downward departure from the statutory minimum qualifies for a sentence reduction pursuant to recent amendments to the United States Sentencing Guidelines (hereinafter "U.S.S.G.") for offenses involving crack cocaine.

On May 25, 2004, Harry Joiner ("Joiner") pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Pursuant to 21 U.S.C. §841(b)(1)(A), the mandatory minimum term of imprisonment is 20 years. Although the original Presentence Investigation Report ("PSR") assessed a total offense level of 31 and a Criminal History Category of II, resulting in a guideline range of 121-151, that was adjusted to 240, the minimum mandatory sentence.

On September 21, 2004, Joiner was sentenced to 240 months in prison. On June 28, 2007, this court reduced Joiner's sentence to 120 months pursuant to a Rule 35 motion filed by the Government.

The court issued an Amended Judgment on April 14, 2008, reducing Joiner's sentence to 97

months imprisonment. The court gave the parties 10 days to object and the Government filed a timely objection.

The applicable statute providing authority for the Court to re-sentence a defendant in these circumstances is 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statement issued by the Sentencing Commission is U.S.S.G. § 1B1.10 ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)"). This provides in pertinent part:

> (a) Authority.--
> * * *
> (2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if--
> * * *
> (B) [the crack cocaine sentence reduction amendment] does not have the effect of lowering the defendant's applicable guideline range.
> (3) Limitation.--Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.
> U.S.S.G. § 1B1.10(a)(2)-(3).

Where a particular case involves a statutory mandatory minimum sentence that exceeds the applicable Guidelines range, the Court must set the Guidelines sentence at the statutorily required minimum. U.S.S.G. § 5G1.1(b); *United States v. Johnson*, --- F.3d ----, ----, 2008 WL 516518, at *4 (8th Cir. Feb. 28, 2008). When a defendant has a Guidelines range below the mandatory minimum

before applying U.S.S.G. § 5G1.1(b), the Guidelines sentence becomes the statutory mandatory minimum. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence"); *see also Johnson*, 2008 WL 516518, at *4.

One of the few district courts to address the applicability of the Guideline Amendments to the statutory minimum sentence reasoned in *United States v. Veale*, 2008 WL 619176 (N.D.N.Y., Mar 3, 2008):

> The retroactive crack cocaine sentencing amendment, which affects only the Guidelines sentence (not the statutory sentence), offers Defendant no help. The Guidelines sentence--either before or after application of the crack cocaine sentencing amendment--is still the statutory mandatory minimum. *Id.* Inasmuch as the Guidelines sentence would not be changed by the retroactive crack sentencing amendment, the exclusion set forth at U.S.S.G. § 1B1.10(a)(2)(B) ("[the crack cocaine sentencing reduction amendment] does not have the effect of lowering the defendant's applicable guideline range") applies. *Johnson*, 2008 WL 516518, at *4. Accordingly, "[a] reduction in the defendant's term of imprisonment is not consistent with [the applicable] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1 B1.10(a) (2) (emphasis added); *see also Johnson*, 2008 WL 516518, at *4.[1]

Although Joiner was not sentenced to the 240 minimum mandatory sentence because of the Government's Rule 35 motion, the ultimate sentence was still not a Guidelines sentence, but a

---

[1] *See e.g., United States v. Gagnon*, No. 03-53-P-H, 2008 WL 782528 (D.Me. Mar. 24, 2008) (no relief under §3582(c) since the substantial assistance departure was taken from a mandatory minimum which exceeded the original guideline range); *United States v. Ortiz*, No. 04 Cr. 268 (HB), 2008 WL 709488 (S.D.N.Y. Mar. 17, 2008) (since the original sentence and downward departure was based on a mandatory minimum, there was no relief under amendments); *United States v. Lewis*, No. 01-CR-280, 2008 WL 545008 (N.D.N.Y. Feb. 26, 2008)(amendments were not applicable since the downward departure under U.S.C. §3553(e) and 5K1.1 was based on a statutory mandatory minimum which was greater than the applicable Guideline range); *United States v. Donnell*, No. 02-37-P-H, 2008 WL 564647 (D. Me. Feb. 29, 2008) (no reduction despite earlier substantial assistance reduction from a mandatory minimum).

statutory sentence authorized by 18 U.S.C. § 3553(e).[2] While the sentence "shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission," *id.*, the Guidelines sentence is set at the statutory mandatory minimum by operation of U.S.S.G. § 5G1.1(b).[3] Thus, even in these circumstances, the retroactive crack cocaine sentencing amendment, which affects only the Guidelines sentence, offers the defendant no help. *Id.*

Pursuant to 18 U.S.C. § 3582(c)(2), a sentence may be adjusted where a defendant's sentencing guideline range is subsequently lowered as a result of an amendment to the Guidelines Manual. U.S.S.G. § 1B1.10(a)(1). For eligible defendants convicted of cocaine base offenses, Amendment 706 has the effect of lowering the base offense level by two levels. The procedure for implementing the amendment is established in § 1B1.10(b), which instructs that the district court "shall" determine the "amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time of sentencing." The first step, therefore, in determining Defendant's eligibility for the two level adjustment is to determine what effect Amendment 706 would have on Defendant's sentencing guideline range, if it had been in effect at the time of his sentencing.

---

[2] "Upon a motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." See 18 U.S.C. § 3553(e).

[3] See *United States v. Richardson*, 2008 WL 398969, at* 9 (2d Cir. Feb. 15, 2008) (in such circumstances "the Guidelines sentence ends up as the statutory minimum"); see also *id.* at * 8 (even though a U.S.S.G. § 5k1.1 motion allows a departure below the U.S.S.G. guideline range, such a motion "is, as a practical matter, superfluous [in these circumstances] [because] ... it does not, in and of itself, authorize a district court to depart below a statutory minimum.") (citation omitted).

Because Joiner was subject to a statutory minimum mandatory term of 240 months, Amendment 706, even if it had been in effect the time of Defendant's sentencing, would not have lowered the applicableسentencing guideline range. Accordingly, § 3582(c) does not authorize a reduction in his sentence. "A reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) if ... an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of ... another statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."[4]

For the reasons stated herein, the Government's objection will be sustained and the Amended Judgment will be vacated. Joiner's sentence shall remain unchanged at 120 months.

Lake Charles, Louisiana, this 29 day of April, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[4] U.S.S.G. § 1B1.10, comment. (n.1(A)); *United States v. Tomlinson*, 2008 WL 1758858, 1 (M.D. Fla., 2008); *see also United States v. Eggersdorf*, 126 F.3d 1318, 1321 (11th Cir.1997), cert. denied, 523 U.S. 1013, 118 S.Ct. 1204, 140 L.Ed.2d 332 (1998); *United States v. Dimeo*, 28 F.3d 240 (1st Cir.1994); *United States v. Williams*, 103 F.3d 57 (8th Cir.1996); *United States v. Johnson*, 517 F.3d 1020 (8th Cir.2008); *United States v. Goodman*, 2008 WL 616100 (M.D. Fla. 2008).